**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LINDA ESTES,

       Plaintiff,

v.

                                             No. 1:19-cv-00417-KRS-SCY

BOARD OF REGENTS OF
THE UNIVERSITY OF NEW MEXICO,
as Trustees for University of
New Mexico Hospital,

       Defendant.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendant. (Doc. 7). Defendant has since answered the complaint, albeit more than a month late. (Doc. 10). In response, defense counsel admits to inadvertence, but otherwise maintains Defendant has meritorious defenses and Plaintiff has not suffered prejudice. (Doc. 16). In reply, Plaintiff accuses defense counsel of engaging in a pattern of missing deadlines, including several related to the answer itself. (Doc. 20). Having considered the parties' filings, the Court denies Plaintiff's motion.

Obtaining a default judgment under Federal Rule of Civil Procedure 55 unfolds in two steps. *See* Fed. R. Civ. P. 55. The movant must first obtain a Clerk's entry of default; and second the party must move either the Clerk, if the judgment is for a sum certain, or the Court, in all other cases, for entry of default judgment. Fed. R. Civ. P. 55(a) & (b)(1)-(2). However, "[e]ntry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins v. Donnelly*, 551 Fed. Appx. 953, 958 (10th Cir. 2014) (unpublished). In fact, "[t]he burden rests with the party seeking a default judgment to

request the clerk for an entry of default and to submit the required proof that the named defendant failed to plead or otherwise defend after being properly served with the complaint and summons[.]" *Canady v. Erbe Elektromedizin GMBH*, 307 F. Supp. 2d 2, 9 (D.D.C. 2004).

As Plaintiff points out, "[p]arties and their attorneys *must be held to a reasonably high standard of diligence* in observing the courts' rules of procedure." (Doc. 20, at 2) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (emphasis in the original)). Because the rules of procedure require Plaintiff to first obtain a Clerk's entry of default and Plaintiff did not fulfill this prerequisite, the motion for entry of default judgment is premature. Notwithstanding the merits of Plaintiff's arguments regarding defense counsel's pattern of inaction, the Court lacks authority to enter default judgment.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for default judgment (Doc. 7) is **DENIED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by consent