IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA ESTES,

      Plaintiff,

No. 1:19-cv-00417-KRS-SCY

v.

BOARD OF REGENTS OF THE UNIVERSITY OF
NEW MEXICO, as Trustee for University of New
Mexico Hospital,

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND

**THIS MATTER** comes before the Court on two motions. In the first, Defendant Board of Regents of the University of New Mexico seeks dismissal of Plaintiff Linda Estes' complaint because, it argues, Estes' Title VII claim is untimely. (Doc. 17). Estes, however, insists her Title VII count relates back to the date she filed her original complaint, which occurred within the applicable ninety-day deadline. In the second, Estes moves to amend her complaint to add a cause of action for violation of the New Mexico Human Rights Act ("NMHRA") against the Board, Donna Helgesen, and Melisa Bruch. (Doc. 27). The Board asks the Court to deny the proposed amendment as futile. With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court has considered the parties' submissions along with record. Having done so, the Court denies the Board's motion to dismiss and grants in part and denies in part Estes' motion to amend.

## BACKGROUND

Estes began employment with Maxim Healthcare, a staffing agency, as a nursing assistant in 1996. (Doc. 1, 1st Am. Compl., ¶ 13). Maxim assigned Estes to work as a contract employee

1

for the University of New Mexico Hospital. (*Id.*, ¶ 14). Estes remained in that capacity until May 2013. (*Id.*). During her time at the Hospital, another contract employee, Jeremy Solano, "made inappropriate comments" including calling Estes "my cougar." (*Id.*, ¶¶ 15-16). Estes pleaded for Solano to stop; however, her efforts were met with escalation. Solano began "inappropriately touching [Estes] by slapping her buttocks." (*Id.*, ¶17).

Estes complained to Maxim and the Hospital about Solano's sexual harassment. Maxim shirked responsibility and told Estes to raise the issue with the Hospital. (*Id.*, ¶¶19-20). The Hospital categorized Estes "DNR" for "do not return" when she reported Solano, ending her employment at the Hospital in a constructive discharge. (*Id.*, ¶¶21-22). Prior to reporting sexual harassment, Estes received "complementary evaluations." (*Id.*, ¶23). The Hospital did not take any action against Solano. (*Id*, at ¶24).

Estes commenced this action on November 14, 2018 in the Second Judicial District Court in Bernalillo County, New Mexico. In her original complaint, Estes sued the Board of Regents, Helgesen, and Bruch for discrimination in violation of the NMHRA and breach of implied contract. (*Id.*, Compl.). On April 16, 2019, Estes filed a first-amended complaint in state court, naming the Board of Regents as the only defendant. (*Id.*, 1st Am. Compl.). The first-amended complaint charged the Board with violating Title VII of the federal Civil Rights Act. (*Id.*). The Board removed the matter to this Court on May 7, 2019.

## DISCUSSION

### A. <u>Defendant's Motion for Judgment on the Pleadings</u>

The Board moves to dismiss Estes' first-amended complaint because her Title VII claim was not filed within ninety days of her receipt of the right-to-sue letter. Estes does not dispute

the timing but maintains Federal Rule of Civil Procedure 15(c)'s relation-back doctrine saves her otherwise untimely cause of action. The Court agrees with Estes.

1. *Standard*

A motion to dismiss[1] under Rule 12(b)(6) tests the sufficiency of a pleading within its four corners. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A complaint is sufficient when it "allege[s] facts that, if true, state a claim to relief that is plausible on its face." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2014) (internal quotation marks and citation omitted). "Plausibility" asks whether, under the substantive law that governs the claims alleged, the plaintiff has pleaded facts that "raise a right to relief above the speculative level." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In analyzing a complaint, the Court must assume the truth of the facts in the pleading, take those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law. *See Mayfield*, 826 F.3d at 1255.

2. *Analysis*

Title VII gives an aggrieved employee ninety days to sue her employer after receiving notice from the EEOC of his or her right to sue. *See* 42 U.S.C. § 2000e-5(f)(1). This period is not jurisdictional. *See Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850 (2019) (explaining "Title VII's charge-filing requirement is not of jurisdictional cast" and "speaks to . . . a party's procedural obligations" requiring "complainants to submit information to the EEOC and to wait a specified period before commencing a civil action"). Because timeliness is not jurisdictional,

---

[1] Because the Board has not answered the complaint, the Court construes the Board's motion for judgment on the pleadings as one to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(c) (requiring the "pleadings to be closed" as prerequisite to relief). The distinction is without difference in any event because Rule 12(c) employs the same standard as Rule 12(b)(6).

the ninety-day period, if expired, operates as an affirmative defense. *See id.* at 1852 (describing failure to follow the claims filing requirement of Title VII as a "potentially dispositive defense"). Normally, a timeliness argument is not appropriately raised at the motion to dismiss stage, but "[i]f the defense appears plainly on the face of the complaint itself, the motion may be disposed of" under Rule 12(b)(6). *Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965).

Here, Estes raised Title VII on April 16, 2019 in her first-amended complaint. Estes pleaded: (1) she filed a charge of discrimination with the EEOC and the New Mexico Department of Workforce Solutions; (2) the EEOC on April 21, 2017 told the parties it had referred the matter to the DOJ for litigation; (3) the DOJ did not initiate litigation; and (4) on August 16, 2018, Estes was issued a right to sue letter.[2] (Doc. 1, 1st Am. Compl.). Under this timeline, the Title VII claim falls outside the ninety-day deadline. Thus, unless Estes' first amended complaint relates back to the date she filed her original pleading, her Title VII is time barred.

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).[3] An amendment may state an entirely new cause of action that would otherwise be time barred so long as the "new ground for relief" does not rely on facts that "differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this case, Estes' Title VII claim rests on identical, material facts as alleged

---

[2] The triggering date is the *receipt* of the right to sue notice. Here, the Board claims, and Estes does not contest, a presumption that a claimant receives the right to sue within three days of its issuance. *Goldsby v. James*, 580 F. App'x 685, 687 (10th Cir. 2014) ("Receipt by mail is presumed after three days.")

[3] Because Estes filed her amended complaint in state court, an argument exists that state law, not federal law applies to determine the propriety of relation back. The parties do not raise the issue, and in any event, New Mexico Rule 1-015(C) materially mirrors the provisions of Rule 15(c). *Compare* Fed. R. Civ. P. 15(c)(1)(B) *with* Rule 1-015(c)(1), N.M. R. Civ. P. Dist. Cts.

in Estes' original complaint: Solano sexually harassed her, she reported the harassment to the Hospital, she was designated DNR, and she no longer was scheduled for any work. True, the legal theory has changed from discrimination under the NMHRA to discrimination under Title VII, but this difference is without distinction to the relation-back doctrine. *See Mayle*, 545 U.S. at 650. Accordingly, Estes' Title VII cause satisfies Rule 15(c)'s test.

The Board complains, however, that the original complaint was defective and therefore provided no basis to which any amendment could relate back. In moving to dismiss in the state court, the Board asserted Estes never filed a charge of discrimination with the state agency as the NMHRA requires and implies Estes' original complaint was legal nullity. This argument is unpersuasive. The Board's argument appears to rest on an affidavit from a Hospital employee filed in state court memorializing a phone conversation with a New Mexico Human Rights Bureau manager who apparently had no file on Estes. But even assuming the affiant possessed personal knowledge and was not relating hearsay, Estes alleged in her original complaint that she, in fact, filed a charge of discrimination with [the EEOC] and the New Mexico Department of Workforce Solutions and Human Rights Division[.]" This allegation defeats the Board's contention because, on a motion to dismiss, Este's complaint, not an affidavit, must establish untimeliness. *See Miller*, 245 F.2d at 893 ("[i]f the defense appears plainly on the face of the complaint itself, the motion may be disposed of" under Rule 12(b)(6)).

The Board also contends the original complaint is a legal nullity because Estes voluntarily withdrew it by filing an amended pleading. The Court struggles to understand this point. If an original complaint becomes a nullity once an amended complaint is filed, there would be no point to Rule 15's relation back provision at all. In any event, the Tenth Circuit has rejected such a narrow reading of relation back doctrine. *May v. Segovia*, 929 F.3d 1223, 1228

(10th Cir. 2019) (explaining "[i]t cannot be correct that an amended complaint renders the original complaint 'of no legal effect' for *all* purposes or else Rule 15(c) would be null"). While the Ninth Circuit has concluded an amendment did not relate back to a withdrawn complaint, the difference there was that the complaint was withdrawn *before* the amended pleading was submitted. *See Omnibus Fin. Corp. v. United States*, 566 F.2d 1097, 1102 (9th Cir. 1977). Here, the record shows only that an amended complaint superseded the original. Unlike *Omnibus*, Estes did not formally withdraw the complaint.

Finally, the Board maintains Rule 15's relation-back doctrine cures technical pleading problems, not failure to meet statutory deadlines. But the whole point of Rule 15(c) is to allow new legal claims that would otherwise be barred by the expiration of a limitation's period. And courts that have examined relation back in the context of Title VII agree. *See Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1070 (5th Cir. 1981) (observing "[s]o long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back to the date of filing the Section 1981 claim works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir. 1989) (concluding that a Title VII claim "clearly relate[d] back" to the filing of a discrimination claim under a state's human rights act "[b]ecause the Title VII and IHRA [Illinois Human Rights Act] claims are based upon identical facts and circumstances").

In sum, the Court concludes that Estes' Title VII claim relates back to the date the original complaint was filed and is therefore timely. Accordingly, the Board's motion to dismiss is denied.

### B. Plaintiff's Motion to Amend

Estes seeks leave of court to file a second-amended complaint to add a count against the Board, Helegesen, and Bruch under the New Mexico Human Rights Act. The Board argues amendment would be futile under the circumstances because Estes did not exhaust remedies pertaining to the two individuals by naming them in her charge of discrimination. The Court agrees with the Board that the proposed amended complaint is deficient, but will allow Estes to file a second-amended complaint that omits Helegesen and Bruch.

#### 1. *Standard*

"Rule 15(a)(2) provides that once the deadline for amendment as a matter of course has passed, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Birch v. Polaris Indus.*, 812 F.3d 1238, 1247 (10th Cir. 2015). The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While the standard is liberal, the Court need not grant leave where amendment would be futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

#### 2. *Analysis*

The proposed second amended complaint's only substantive difference is the reintroduction of the NMHRA count from the original complaint against the Board, Helgesen, and Bruch. Unlike Title VII, the NMHRA allow suits against individual employees as well as the employer, where the individual has "supported" a discriminatory practice. *See Sonntag v. Shaw*, 22 P.3d 1188, 1193 (N.M. 2001). The plaintiff, however, must exhaust her claims against

*each* defendant by, *inter alia*, naming the individual as a respondent in her charge of discrimination to the state agency. *See id.*

Here, Estes does not argue she named Helgesen and Bruch in the charge. Instead, she relies on *Lobato v. State Env't Dep't*, 267 P.3d 65 (N.M. 2012), for the proposition that the charge-of-discrimination form available from the state agency is inadequate and misleading because the form asks "for the name and address of the discriminating entity but not the names and addresses of the individuals[.]" *Id.* But *Lobato* created a narrow exception applicable only to "unwary claimants"— ones that file a charge in the state agency *without* the advice of counsel. *See Benavidez v. Sandia Nat'l Labs.*, 212 F. Supp. 3d 1039, 1086 (D.N.M. 2016) (citing *Muffoletoo v. Christus St. Vincent Regional Medical Center*, 157 F. Supp. 3d 1107, 1114-15 (D.N.M. 2015). There is no indication here that Estes was unrepresented at the time of submitting her paperwork or otherwise had not consulted with an attorney prior to doing so. Thus, Estes falls outside *Lobato*'s narrow exception for unwary claimants.

Although the proposed second-amended complaint is subject to dismissal with respect to the individuals, the same is not true for Estes' NMHRA claim against the Board.[4] The Hospital is clearly identified in the charge as are facts supporting Estes' claims of discrimination, and the Estes' cause against the Board is properly exhausted. Amendment in that limited respect is warranted. It would be inappropriate, however, to allow Estes to file the second amended complaint she proposes since that complaint is deficient as to the individuals and would result in another round of motion practice. To avoid this outcome while recognizing Estes' viable claim

---

[4]The Board continues to suggest that the charge of discrimination was never dual filed with the New Mexico Human Rights Bureau and therefore no charge of discrimination was filed under the NMHRA and thus no exhaustion of remedies occurred under the NMHRA. If correct, then even the NMHRA against the Board would fail. But this assertion is directly at odds with the Notice of Non-Determination issued by the New Mexico agency. At any rate, this issue is the one for summary judgment on a developed record, not at this initial stage of finalizing the pleadings.

under the NMHRA against the Board, the Court will direct Estes to file a second-amended complaint that omits any claim against Helgesen and Bruch.

## CONCLUSION

For the reasons stated above, Estes' first-amended complaint states a viable cause of action against the Board, but her proposed second-amended complaint that adds Helgesen and Bruch back into the litigation under the NMHRA is subject to dismissal.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for judgment on the pleadings (Doc. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend her complaint (Doc. 27) is **GRANTED in part** and **DENIED in part**. On or before **December 4, 2019**, Plaintiff shall file a seconded-amended complaint that omits Helgesen and Bruch as defendants as well as any claims against them.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE